# Exhibit A

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

HB CONSTRUCTION, INC.,                          Case d-202-cv-2017-06415
                                                                                Judge Beatrice J. Brickhouse

       Plaintiff,

vs.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

       Defendant.

## SECOND AMENDED COMPLAINT FOR BAD FAITH INSURANCE PRACTICES, UNFAIR TRADE PRACTICES, NEGLIGENCE, NEGLIGENCE PER SE, BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, AND DECLARATORY JUDGMENT

Plaintiff HB Construction, Inc., by and through its attorneys Brook Laskey and Dan Hill, McCoy Leavitt Laskey LLC, states as follows:

I.     **JURISDICTION AND VENUE**

1. Plaintiff HB Construction, Inc., is a New Mexico corporation. Its headquarters are located at 3010 Monte Vista Blvd NE, Albuquerque NM 87106.

2. Travelers Property Casualty Company of America, ("Travelers"), is a Connecticut corporation doing business in the State of New Mexico, with its principal offices located at One Tower Square, Hartford, CT 06183. Travelers regularly does business in the State of New Mexico through the sale of insurance policies.

3. Travelers is subject to personal jurisdiction in the State of New Mexico. Travelers may be served through the New Mexico Superintendent of Insurance.

II.     **FACTS**

1

4. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

5. The Carlisle is a luxury condo development located at 3600 Central Blvd. SE, Albuquerque, New Mexico 87113.

6. HB Construction is the general contractor for The Carlisle, and is an investor in the project.

7. In the early morning hours on or about November 23, 2016, The Carlisle was burned to the ground by an arsonist.

8. Construction on the Carlisle was nearly complete at the time of the fire.

9. HB Construction had in effect at the time of the loss an insurance policy with Travelers, Policy Number: QT-66-3E977885-TIL-16 ("Policy"). The Policy has been attached to the Complaint as Exhibit A.

10. The Policy is a Builders' Risk Policy. It provides coverage for the direct physical loss of or damage to the "Covered Property" caused by or resulting from a "Covered Cause of Loss."

11. The Policy states that the "Estimated Total Project Value" is $8,096,669.00.

12. The Carlisle is the "Covered Property" under the Policy.

13. Travelers admitted that the fire which occurred on or about November 23, 2016, was a "Covered Cause of Loss" under the Policy.

14. HB Construction demanded payment of $567,828.00, on or about February 9, 2017.

15. On, March 3, 2017, Travelers, through its agent Dean Aliberti, denied payment of $567,828.00.

16. The only basis Mr. Aliberti provided for denying payment was that the Policy's "soft cost extension" limited payment to $100,000.00. Mr. Aliberti stated: "Your policy includes as part of the core coverage a "Soft Cost" coverage extension with a limit of $100,000. I have

attached a copy of your policy – see page 11 which shows the "Soft Costs" limit; page 18 for a description of the "Soft Costs" coverage and finally page 34 for a definition of "Soft Costs". As your total incurred "Soft Costs" are in excess of the $100,000 limit I have included that limit as part of the Builders Risk loss adjustment as listed on the attached Statement of Loss. Due to the excess we can also absorb the $5,000 policy deductible into that overage so we will not apply any deductible to the loss adjustment."

17. Soft costs are defined in the Policy as:

> 10. "Soft costs" means your actual and necessary business costs in excess of your budgeted amount for the project consisting only of:
>     a. Advertising and promotional expenses.
>     b. Architect, engineer, designer and consultant fees.
>     c. Costs resulting from the renegotiation of your sales contract, leases or construction loans.
>     d. General overhead and administrative expenses, other than legal, accounting and professional fees.
>     e. Insurance premiums.
>     f. Interest on money borrowed to finance construction.
>     g. Legal and accounting fees and other costs to renegotiate and prepare revised contracts and other documents. These expenses cannot be used for preparation of claims or to establish liability for loss.
>     h. Permit and Inspection Fees.
>     i. Realty taxes and realty assessments.

18. HB Construction through its counsel disputed Travelers' application of the Policy's Soft Cost Limitation in an April 24, 2017, letter to Dean Aliberti.

19. Travelers, through its agent Dean Aliberti, admitted that "the majority of those costs were incurred prior to the date of loss and thus those costs would be considered as part of the original project budget."

20. Travelers provided no explanation as to how the Policy's Soft Costs Limitation applied to the contested costs when those costs by definition are not soft costs under the Policy.

21. Travelers has provided no other basis for denying coverage of the contested costs.

### III. CAUSES OF ACTION

3

### a. Bad Faith Insurance Practices

22. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

23. There is implied in every New Mexico Insurance Contract a duty on the part of the insurance company to deal fairly with the policy holder. Fair dealing means to act honestly and in good faith in the performance of the contract. The insurance company must give equal consideration of its own interest and the interest of the policyholder.

24. An insurance company and its employees and its agents act in bad faith when they refuse to pay a claim of the policyholder for reasons which are frivolous, unfounded, and/or are not in compliance with New Mexico law.

25. The insurance company and its agent must reasonably and timely conduct a fair investigation and evaluation of all claims. A failure to act timely or to investigate fairly or to pay a claim without a fair evaluation is bad faith, breach of the duty to act honestly and in good faith in performance of an insurance contract.

26. Defendant's failure to pay the contested costs under the Policy was unfounded, unreasonable, and in violation of New Mexico law, and further constitutes a breach of their duty of good faith to Plaintiffs.

27. Defendant Travelers has intentionally, willfully, wantonly, recklessly, and in bad faith engaged in a practice of unconscionable, deceptive, and wrongful conduct with regard to its position and denial of Plaintiff's claim contrary to the express terms of the contract, New Mexico law and public policy.

28. Defendant acted with reckless indifference to its civil obligations to Plaintiff.

29. As a direct and proximate result of the bad faith of Defendant, Plaintiff has suffered damages in a monetary amount to be determined at trial.

30. The acts and failure of the Defendant as set forth above is an unreasonable failure to pay a first-party coverage claim, entitling Plaintiff HB Construction to an award of reasonable attorney's fees and costs pursuant to NMSA 1978, § 39-2-1 (1977).

31. The actions of Defendant were malicious, willful, reckless, wanton, and in bad faith and/or fraudulent entitling Plaintiff to recover punitive damages in an amount to be determined by the Court at trial.

### b. New Mexico Unfair Claims Practices

32. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

33. Defendant's acts and omissions, as set forth above, constitute unfair claims practices which are unlawful pursuant to the New Mexico Unfair Claims Practices Act, NMSA 1978, § 59A-16-20 (1997).

34. Defendant knowingly committed or performed or omitted to perform with such frequency as to constitute a general business practice which includes, but is not limited to:

   a. Misrepresenting to Plaintiff HB Construction pertinent facts or policy provisions relating to the coverages at issue;

   b. Failing to acknowledge and act reasonably promptly upon communications with respect to claims from HB Construction arising under the policy at issue;

   c. Failing to adopt and implement reasonable standards for the prompt investigation and processing of insureds' claims arising under policies;

   d. Failing to affirm or deny coverage of HB Construction's claims within a reasonable time after proof of loss requirements under the policy have been completed and submitted by the HB Construction;

    e. Not attempting in good faith to effectuate prompt, fair, and equitable settlements of Plaintiff HB Construction's claim in which liability has become reasonably clear;

    f. Compelling HB Construction to institute litigation to recover amounts due under its policy by offering substantially less than the amounts ultimately recovered in actions brought by HB Construction when HB Construction has made claims for amounts reasonably similar to amounts ultimately recovered

    g. Attempting to settle a claim by an insured for less than the amount to which a reasonable person would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application

    h. Failing to settle HB Construction's claims promptly where liability has become apparent under one portion of the policy coverage in order to influence settlement under other portions of the policy coverage; and,

    i. Failing to promptly provide HB Construction a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

35. Defendant knowingly and willfully engaged in unfair practices and have engaged in these practices with such frequency as to indicate that such conduct is Defendant's general business practice.

36. As a direct and proximate result of the unfair practices of Defendant, HB Construction has suffered compensatory damages, incidental damages, and consequential damages in a monetary amount to be determined at trial.

37. The acts and failure of the Defendant as set forth above is an unreasonable failure to pay a first-party coverage claim, entitling Plaintiff HB Construction to an award of reasonable attorney's fees and costs pursuant to NMSA 1978, § 39-2-1 (1977).

38. The actions of Defendant were malicious, willful, reckless, wanton, and in bad faith and/or fraudulent entitling Plaintiff to recover punitive damages in an amount to be determined by the Court at trial.

### c. Unfair Trade Practices

39. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

40. The acts and omissions by Defendant as set forth above constitute unfair and deceptive trade practices and unconscionable trade practices which are illegal pursuant to the New Mexico Unfair Trade Practices Act, NMSA 1978, § 57-12-1 through -26.

41. Plaintiff HB Construction was deceived by the unfair deceptive trade practices and unconscionable trade practices of Defendant.

42. In the sale of insurance policies to the Plaintiff, Defendant knowingly made false and misleading representations to HB Construction by:

    a. Failing to disclose that its interpretation of the "soft costs limitation" of the Policy is at odds with the plain language of the policy and the applicable terms and definitions within the Policy, and

    b. Representing that the Policy covered the entire "Total Project Value" when its interpretation of the Policy excludes costs within the "Total Project Value."

43. These representations occurred in the regular course of Defendant's trade or commerce and were of a type that tends to and does deceive or mislead any person.

44. As a direct and proximate result of Defendant's unfair and deceptive trade practices and unconscionable trade practices, HB Construction has suffered compensatory damages, incidental damages, and consequential damages in a monetary amount to be determined by a Court at trial.

45. Pursuant to the New Mexico Unfair Practices Act, Defendant's actions entitle HB Construction to three times its damages and costs and attorney's fees.

46. The actions of Defendant were malicious, willful, reckless, wanton, and in bad faith and/or fraudulent entitling Plaintiff to recover punitive damages in an amount to be determined by the Court at trial.

### d. Negligence

47. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

48. Upon information and belief, Defendant planned, directed, and put into operation the conduct and actions that resulted in a denial of HB Construction's rights under the policy at issue.

49. The acts and omissions by the Defendant as set forth above were negligent.

50. As a direct and proximate result of the negligence of Defendant, HB Construction has suffered damages as set forth in this Complaint.

51. The actions of Defendant were malicious, willful, reckless, wanton, and in bad faith and/or fraudulent entitling Plaintiff to recover punitive damages in an amount to be determined by the Court at trial.

### e. Negligence Per Se

52. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

53. Defendant failed to abide by their statutory duties under the insurance code NMSA 1978, § 59A-16-1 and such violations constitute negligence per se.

54. Defendant failed to abide by their statutory duties under the Unfair Practices Act NMSA 1978, § 57-12-1 and such violations constitute negligence per se.

55. These laws were enacted for the protections of a class of persons, which includes HB Construction.

56. The harm or injury to HB Construction is the type of harm or injury the New Mexico Legislature through these statutes sought to prevent.

57. Defendant's violations of these statutes constituted negligence per se.

58. As a direct and proximate result of the negligence per se of the Defendant, Plaintiff was injured as stated in this Complaint.

### f. Breach of Contract

59. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

60. The Policy is a legally enforceable contract between Plaintiff and Defendant Travelers.

61. Defendant Travelers breach the Policy by applying the Policy's "soft cost limitation" to the contested costs.

62. Defendant's acts and omissions, as stated in this Complaint, constitute a willful breach of the insurance contract with HB Construction.

63. As a direct and proximate result of the breach of contract by Defendant, HB Construction has suffered monetary damages.

64. The acts and failure of the Defendant as set forth above is an unreasonable failure to pay a first-party coverage claim, entitling Plaintiff HB Construction to an award of reasonable attorney's fees and costs pursuant to NMSA 1978, § 39-2-1 (1977).

65. The actions of Defendant were malicious, willful, reckless, wanton, and in bad faith and/or fraudulent entitling Plaintiff to recover punitive damages in an amount to be determined by the Court at trial.

### g. Breach of Implied Covenant of Good Faith and Fair Dealing

66. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

67. Defendant owed an obligation of good faith and fair dealing to HB Construction pursuant to their contractual relationship under the insurance contract.

68. Defendant had a duty to perform the terms of the contract in good faith, and Defendant had a duty to refrain from doing things that would deprive Plaintiff the reasonable and mutually anticipated benefits of the contract.

69. The Parties intended, and HB Construction reasonably expected, that Travelers and/or its agents, would properly advise HB Construction as to the meaning of the exclusions and limitations under the contract.

70. Despite the Parties' intent and HB Construction's reasonable expectations, Defendant Travelers and its agents refused to perform pursuant to the contract.

71. Defendant breached the implied covenant of good faith and fair dealing because they did not act consistent with the parties' intent, did not act consistent with HB Construction's reasonable and fully-disclosed expectations, and acted so as to deprive HB Construction of the benefits of the contract.

72. Defendant's breaches have damaged HB Construction in amounts it will prove at trial.

### h. Declaratory Judgement

73. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

74. An actual controversy exists between the Defendant and Plaintiff with respect to the following issue: whether the Policy covered the losses submitted by HB Construction.

75. HB Construction requests a declaratory judgment declaring that: a) the Policy provided coverage for the losses submitted by HB Construction; b) that the "soft costs limitation" in the Policy does not apply to the losses submitted by HB Construction; and c) that Travelers' lacked any arguable support in the wording of the Policy nor the circumstances surrounding the claim to deny the losses submitted by HB Construction.

**IV.   Prayer for Relief**

WHEREFORE, the Plaintiff prays for relief under all counts and requests that the Court award to the Plaintiff:

1. Monetary Damages as proven at trial;
2. Compensatory damages, incidental damages, and consequential damages as proven at trial;
3. Punitive damages as proven at trial;
4. Treble damages pursuant to the New Mexico Unfair Practices Act;
5. Reasonable attorney's fee and costs pursuant to the Unfair Practices Act and NMSA 1978, § 39-2-1 (1977).
6. A declaration that the Policy at issue provided coverage for the $567,828.00 in losses submitted by HB Construction; that the "soft costs limitation" in the policy does not apply to the $567,828.00 in losses submitted by HB Construction; and, that Travelers' lacked any arguable support in the wording of the insurance policy nor the circumstances surrounding the claim to deny the $567,828.00 in losses submitted by HB Construction.
7. Pre and post judgement interest;
8. Award of such other relief including fees and costs as the Court deems just and proper; and

9. HB Construction prays for a judgment to be entered in its favor against the Defendant.

Respectfully submitted,

McCOY LEAVITT LASKEY LLC

By_____
H. Brook Laskey
Daniel M. Hill
Attorneys for HB Construction, Inc.
1803 Rio Grande Boulevard NW, Suite C
Albuquerque, New Mexico 87104
Telephone: (505) 246-0455
blaskey@MLLlaw.com
dhill@MLLlaw.com