IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HB CONSTRUCTION, INC.,

        Plaintiff,

vs.                                                CIVIL NO. 17-CV-1132 KBM/SMV

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

        Defendant.

## REVISED JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on December 5, 2017 and was attended by:

Dan Hill for Plaintiff HB Construction, Inc.; and

Kenneth Ferguson and Greg S. Hearing II for Defendant Travelers Property Casualty Company of America

Following a May 7, 2018, status conference, the parties met and conferred to amend the Joint Status Report pursuant to the direction of Magistrate Judge Vidmar.

## NATURE OF THE CASE

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file: No preliminary motions or amendments are anticipated at this time.

Plaintiff(s) should be allowed until January 29, 2018, to move to amend the pleadings and until January 29, 2018, to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendant intends to file: No preliminary motions or amendments are anticipated at this time. Defendant reserves the right to add additional affirmative defenses following the exchange of disclosure documents.

Defendants(s) should be allowed until January 29, 2018 to move to amend the pleadings and until January 29, 2018 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## **STIPULATIONS**

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to the following facts:

1. Plaintiff HB Construction, Inc. is a New Mexico Corporation.

2. Defendant Travelers Property Casualty Company of America is a Connecticut Corporation.

3. Travelers issues Policy Number QT-66-3E977885-TIL-16 to HB Construction, Inc. with policy period 11/18/2016 to 02/28/2017. (Trav-HB-000001-49).

4. HB Construction was the general contractor for a condominium complex known as the Carlisle at 3600 Central Boulevard SE, Albuquerque, New Mexico 87113.

5. A fire occurred at the Carlisle on November 23, 2016.

6. HB Construction submitted a claim to Travelers for the loss on November 23, 2016.

7. The Carlisle is a "Covered Property" under the Policy.

8. The November 23, 2016 fire was a "Covered Cause of Loss" under the Policy.

9. The Policy's insuring agreement provides:

A. COVERAGE

We will pay for direct physical loss of or damage to Covered Property caused by or resulting from a Covered Cause of Loss.

**1. Covered Property**

Covered Property, as used in this Coverage Form, means the following types of property you own or for which you are legally liable, the value of which is included in the estimated "total project value" shown in the Declarations:

**a. Permanent Works**

Materials, equipment, machinery, supplies and property of a similar nature that will become a permanent part of the project described in the Declarations during completion of such project or that will be used or expended in the completion of such project.

Completion of the project includes site preparation (including demolition of existing buildings or structures), fabrication, assembly, installation, erection, alteration, renovation and similar construction activities.

**b. Temporary Works**

Cofferdams, construction forms, cribbing, falsework, hoarding, scaffolds, fencing, signs, office trailers (and their "contents") and similar temporary buildings or structures incidental to completion of the project described in the Declarations.

. . .

3. Covered Causes of Loss

Covered Causes of Loss means RISKS OF DIRECT PHYSICAL LOSS unless the loss is excluded in Section B – EXCLUSIONS.

(Trav-HB-000017-18).

10. The Policy specifically excludes "soft costs" beyond the Limits of Insurance shown on the Policy's Declaration page:

**B. EXCLUSIONS**

**2**. We will not pay for loss or damage caused by or resulting from any of the following:

**a. Consequential Loss**

3

>    **(1)** Delay, loss of use, or loss of market; or
>    **(2)** Loss of income, **soft costs** or extra expenses except as specifically provided in this coverage part.

(Trav-HB-000026) (emphasis supplied).

11. The Policy defines "soft costs" as follows:

> **F. DEFINITIONS**
>
> **10. "Soft Costs"** means your actual and necessary business costs in excess of your budgeted amount for the project consisting only of:
>
>> **a**. Advertising and promotional expenses.
>>
>> **b.** Architect, engineer, designer and consultant fees.
>>
>> **c.** Costs resulting from the renegotiation of your sales contract, leases or construction loans.
>>
>> **d.** General overhead and administrative expenses, other than legal, accounting and professional fees.
>>
>> **e.** Insurance premiums.
>>
>> **f.** Interest on money borrowed to finance construction.
>>
>> **g.** Legal and accounting fees and other costs to renegotiate and prepare revised contracts and other documents.
>>
>> **h.** Permit and Inspection Fees.
>>
>> **i.** Realty taxes and realty assessments.

(Trav-HB-000035).

12. Following the loss, Travelers retained Madsen Kneppers & Associates. (Claim Notes, (Trav-HB-000050-77).

13. On March 3, 2017, Travelers provided a copy of Madsen Kneppers' analysis. (March 3, 2017 Email from D. Aliberti to Adam Harrington, (Trav-HB-000661-718).).

14. Within the Madsen Kneppers' spreadsheet Travelers identified 12 categories of claimed expenses as "soft costs." (*Id.*) These costs are located at lines 140-152 of the Madsen

Kneppers' estimate and include: (1) management fees; (2) design and architecture fees; (3) land planning and surveying costs; (4) marketing expenses; (5) appraisal expenses; (6) interest costs on HB Construction's first mortgage; (7) interest costs on HB Construction's second mortgage; (8) accounting and bookkeeping expenses; (9) legal expenses; (10) bank charges; (11) building permit expenses; and (12) property taxes.   These items total $567,828.00.

15. Travelers' March 3, 2017 email stated "Your policy includes as part of the core coverage a 'Soft Cost' coverage extension with a limit of $100,000. . . .As your total incurred 'Soft Costs' are in excess of the $100,000 limit I have included that limit as part of the Builders Risk loss adjustment as listed on the attached Statement of Loss."

16. Following Travelers' March 3, 2017 email, HB Construction demanded payment of the full $567,828.00.

17. HB Construction sent a letter to Travelers dated April 25, 2017. (Trav-HB-000823-26).  HB Construction contended that the $567,828.00 were costs incurred within the budgeted amount for the project and were therefore not included within the Policy's definition of soft costs.  (*Id.* at pp. 2-3).

18. Travelers responded via a letter dated May 3, 2017 and reaffirmed its decision to advance the $100,000 sublimit for the claimed soft costs.  (Trav-HB-000653-56).  Therein, Travelers stated:

> As noted above "soft costs" is defined on the policy as costs in excess of your budgeted amount for the project for the specifically listed expenses. Our review of the documentation provided by HB, which falls under those specifically listed descriptions, shows that the majority of those costs were incurred prior to the date of loss and thus those costs would be considered as part of the original project budget. We did anticipate, however, that the "soft costs" necessary to reconstruct the damaged property that resulted from the direct physical loss would exceed the $100,000 coverage extension limit for Soft Costs as listed in the policy declarations. As such, we issued the full

5

$100,000 limit for Soft Costs as part of our claim payment to HB totaling $2,147,163.00 issued on March 6, 2017.

(*Id.* at p. 3).

The parties further stipulate and agree that the law governing this case is: New Mexico.

## **PLAINTIFF'S CONTENTIONS:**

This case stems from an arson caused fire destroying a condominium complex under construction at 3600 Central Boulevard SE, Albuquerque, New Mexico 87113. Travelers issued Policy Number QT-66-3E977885-TIL-16 to HB Construction, Inc. with policy period 11/18/2016 to 02/28/2017. Travelers admitted that the fire was a covered loss under the policy. HB Construction demanded payment of $567,828.00, on or about February 9, 2017. On, March 3, 2017, Travelers, through its agent Dean Aliberti, denied payment of $567,828.00. The only basis Mr. Aliberti provided for denying payment was that the Policy's "soft cost extension" limited payment to $100,000.00. Mr. Aliberti stated: "Your policy includes as part of the core coverage a "Soft Cost" coverage extension with a limit of $100,000. I have attached a copy of your policy – see page 11 which shows the "Soft Costs" limit; page 18 for a description of the "Soft Costs" coverage and finally page 34 for a definition of "Soft Costs". As your total incurred "Soft Costs" are in excess of the $100,000 limit I have included that limit as part of the Builders Risk loss adjustment as listed on the attached Statement of Loss. Due to the excess we can also absorb the $5,000 policy deductible into that overage so we will not apply any deductible to the loss adjustment." Plaintiff contends that the policy definition of "Soft Costs" does not apply to the denied $567,828.00 costs, and that Travelers' denial of said expenses was done in bad faith and in violation of the New Mexico Unfair Practices Act and Unfair Trade Practices Act. Plaintiff incorporates its Complaint in its entirety pursuant to Fed. R. Civ. P. 10(c).

## DEFENDANT'S CONTENTIONS

This lawsuit arises from a fire at a condominium complex located at 3600 Central Boulevard SE, Albuquerque, New Mexico 87113. Travelers issued Policy Number QT-66-3E977885-TIL-16 to HB Construction, Inc. with policy period 11/18/2016 to 02/28/2017. After the loss, HB Construction submitted a claim to Travelers for the cost to reconstruct the Carlisle. Travelers has issued payment in the amount of $5,772,484.36. Plaintiff now seeks payment for additional amounts. Travelers contends that the additional amounts sought are precluded by the Policy's express sublimit of $100,000 for soft costs. Travelers has previously issued payment for the entirety of the $100,000 soft costs sublimit. Travelers incorporates its Answer and the denials and defenses asserted therein in their entirety pursuant to Fed. R. Civ. P. 10(c).

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan: *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

**Witnesses:**

**Plaintiff:**

Adam Harrington, c/o counsel.

Kenny Hinkes, c/o counsel.

One or more representatives of the Travelers Property Casualty Company of America including, but not limited to, Dean Aliberti, care of counsel.

One or more representatives of HUB International Limited.

Plaintiff reserves the right to include additional witnesses as discovery provides.

**Defendant:**

One or more representatives of HB Construction, Inc. including, but not limited to, Jason Harrington, Adam Harrington and Kenny Hinkes, care of counsel.

One or more representatives of the Travelers Property Casualty Company of America including, but not limited to, Dean Aliberti, care of counsel.

Defendant reserves the right to include additional witnesses as discovery provides.

List all documents which you believe, at this time, will be exhibits at the trial.

**Plaintiff:**

Policy No. QT-66-3E977885-TIL-16

Travelers' claim file

Correspondence with Travelers

Travelers' denial of Plaintiff's claim

Plaintiff reserves the right to include additional exhibits as discovery provides.

**Defendant:**

At this time, Defendant foresees the admission of the following preliminary exhibits subject to additional discovery and defense of Plaintiff's claims.

Excerpts of Policy No. QT-66-3E977885-TIL-16.

Loss information submitted by Plaintiff to Travelers.

Relevant portions of Travelers' claim file.

Proof of payment to Plaintiff.

Correspondence to Plaintiff.

Correspondence from Plaintiff's counsel to Travelers.

Correspondence from Travelers to Plaintiff's counsel.

Defendant reserves the right to include additional exhibits as discovery provides.

List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

**Plaintiff:**

Plaintiff has not retained experts at this preliminary stage. Expert testimony regarding insurance claims handling and coverage, as well as damages are contemplated.

**Defendant:**

Defendant has not retained experts at this preliminary stage but anticipates expert testimony in the areas of construction management and construction costs as they relate to the claimed damages as well as an expert in the area of insurance claims handling practices.

Discovery will be needed on the following subjects:

The parties anticipate that this matter will focus on the availability of coverage for certain costs claimed by Plaintiff under a Builders Risk Insurance Policy issued by Travelers. Specifically, discovery will focus on the nature of the costs and expenses claimed by the Plaintiff and the availability of coverage for the same under the aforementioned policy. In addition, the parties anticipate discovery regarding Plaintiff's claims for bad faith and violation of New Mexico's consumer protection statutes.

Maximum of 25 interrogatories by each party to any other party. (Responses due 35 days after service).

Unlimited requests for admission by each party to any other party. (Responses due 35 days after service).

Maximum of 10 depositions by Plaintiff(s) and 10 by Defendant(s).

Each deposition limited to maximum of seven hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

    from Plaintiff(s) by September 28, 2018

    from Defendant(s) by October 26, 2018

Supplementation under Rule 26(e) due 30 days before the discovery cutoff.

All discovery commenced in time to be complete by November 27, 2018.

## **PRETRIAL MOTIONS**

Plaintiff intends to file: A motion for summary judgment on coverage issues. Rule 702 motions as appropriate.

Defendant intends to file: A motion for summary judgment on coverage issues and remaining claims. Rule 702 motions as appropriate.

## ESTIMATED TRIAL TIME

The parties estimate trial will require three days.

\_\_\_\_ This is a non-jury case.

_X_ This is a jury case.

The parties request a pretrial conference in December, 2018

## SETTLEMENT

The possibility of settlement in this case is considered cannot be evaluated prior to the completion of additional discovery and may be enhanced by use of alternative dispute resolution. The parties will request a settlement conference if appropriate or may elect to proceed to private mediation.

## EXCEPTIONS

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

APPROVED WITH/WITHOUT EXCEPTIONS
(note exceptions above)

 _/s/ Daniel M. Hill_
H. Brook Laskey
Daniel M. Hill
**McCOY LEAVITT LASKEY LLC**
1803 Rio Grande Boulevard NW, Suite C
Albuquerque, New Mexico 87104
Telephone: (505) 246-0455
blaskey@MLLlaw.com
dhill@MLLlaw.com

*Attorneys for Plaintiff*
*HB Construction, Inc.*

  */s/ Greg S. Hearing II*
John M. Palmeri, Esq.
Greg S. Hearing II, Esq.
**GORDON & REES LLP**
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202|
Phone (303) 534-5160
Fax: (303) 534-5161
jpalmeri@grsm.com
ghearing@grsm.com

Kenneth J. Ferguson, Esq.
State Bar No. 3780
**GORDON & REES LLP**
816 Congress Avenue, Suite 1510
Austin, Texas 78701|
Phone (512) 391-0197
Fax: (512) 391-0183
kferguson@grsm.com

***ATTORNEYS FOR DEFENDANT***
***TRAVELERS PROPERTY CASUALTY***
***COMPANY OF AMERICA***