# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**HB CONSTRUCTION, INC.,**

    **Plaintiff,**

v.                                                     **No. 17-cv-1132 WJ/SMV**

**TRAVELERS PROPERTY CASUALTY**
**COMPANY OF AMERICA,**

    **Defendant.**

## SCHEDULING ORDER

THIS MATTER is before the Court sua sponte.[1] The parties' Revised Joint Status Report and Provisional Discovery Plan [Doc. 32] is adopted, except as modified below. The Court will permit discovery as follows:

1. 25 Interrogatories by each party to any other party;

2. 25 Requests for Production by each party to any other party;

3. The Court will not limit the number of Requests for Admission served by each party at this time;

4. 10 depositions per side;

5. Depositions are limited to 7 hours on the record unless extended by agreement of the parties.

In accordance with the Civil Justice Expense and Delay Reduction Plan adopted in compliance with the Civil Justice Reform Act, and pursuant to Title 28 U.S.C. § 473(a)(1), this

---

[1] At the telephonic Rule 16 Scheduling Conference on January 17, 2018, the parties informed the Court that they intended to file cross-motions for summary judgment based on a stipulated set of facts. *See* [Doc. 22]. The Court therefore did not issue a Scheduling Order but instead ordered the parties to submit a proposed briefing schedule. [Doc. 23]. At a follow-up status conference on May 7, 2018, the parties informed the Court that they have been unable to fully agree on a stipulated set of facts. [Doc. 29]. The Court ordered the parties to file a revised Joint Status Report so it could issue a Scheduling Order based on their proposed discovery deadlines. [Doc. 30].

case is assigned to a **"complex" (210-day)** track classification. The Court sets the following case management deadlines:

| | |
|---|---|
| Plaintiff discloses experts and provides expert reports or summary disclosures by:[2] | **October 18, 2018** |
| Defendant discloses experts and provides expert reports or summary disclosures by:[2] | **November 19, 2018** |
| Termination of discovery: | **December 17, 2018** |
| Motions relating to discovery filed by:[3] | **January 7, 2019** |
| Pretrial motions other than discovery motions filed by: | **January 17, 2019** |
| Proposed Pretrial Order due from Plaintiff to Defendant by: | **March 4, 2019** |
| Proposed Pretrial Order due from Defendant to Court by:[4] | **March 18, 2019** |

Discovery shall not be reopened, nor shall case management deadlines be modified, except by an order of the Court upon a showing of good cause. Discovery must be completed on or before the discovery deadline. Accordingly, service of written discovery is timely only if the responses are due prior to the discovery deadline. A notice to take deposition is timely only if

---

[2] The parties must disclose every expert witness who is expected to testify, even if the expert is not required to submit an expert report. *See* Fed. R. Civ. P. 26(a)(2)(B)–(C); D.N.M.LR-Civ. 26.3(b).

[3] *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. The discovery motions deadline does not extend the 21-day time limit in D.N.M.LR-Civ. 26.6 (Party served with objection to discovery request must file motion to compel within 21 days of service of objection. Failure to file motion within 21 days constitutes acceptance of the objection.).

[4] The Proposed Pretrial Order must provide that no witnesses, except rebuttal witnesses whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no later than 30 days prior to the time set for trial. Any exceptions thereto must be upon order of the Court for good cause shown.

the deposition takes place prior to the discovery deadline. The pendency of dispositive motions does not stay discovery.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**